UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GET IN SHAPE FRANCHISE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-1374-RLY-DKL |
| ) | |
| TFL FISHERS, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This cause comes before the Court on Plaintiff's *Verified Petition to Show Cause Why Defendant Rosalyn R. Harris Should Not Be Held in Contempt and for Sanctions* [doc. 65]. An evidentiary hearing was held on November 15, 2016. Sworn testimony was taken from Amy Elizabeth Roth. Plaintiff requested the Court to take judicial notice of Chief District Judge Patti B. Saris's *Memorandum and Order*, dated March 9, 2016, particularly the provision that enjoins Harris "from volunteering for, consulting for, working at, or otherwise assisting Fit Chicks in any way until July 1, 2017. [*See* doc. 55 at 61.] Plaintiff also presented its *Affidavit of Attorneys' Fees*. [Pl.'s Ex. 1.] Defendant Rosalyn R. Harris gave a statement.

The Court takes judicial notice of the *Memorandum and Order* issued by Chief Judge Saris on March 9, 2016. The Court certifies the following findings of fact and makes the following conclusions of law.

*Findings of Fact*

1. Plaintiff Get In Shape Franchise, Inc. (GISF) is a franchisor that through its franchisees offers small group personal training to women.

2. Defendant Rosalyn R. Harris is the president and sole member of Defendant TFL Fishers, LLC (TFL Fishers).

3. In April 2013, Harris, as the president of TFL Fishers, signed a franchise agreement with GISF.

4. Harris owned and operated a GISF studio at 11720 Olio Road, Suite 800, in Fishers, Indiana for approximately two years before terminating the franchise agreement in June 2015.

5. Defendant Fit Chicks, LLC (Fit Chicks) is owned by Harris's sister, Constance Harris.

6. Harris sold all the equipment and machines in the GISF Fishers studio to her sister and began operating the studio under the name "Fit Chicks." Harris served as a full-time, volunteer manager at Fit Chicks.

7. On July 21, 2015, GISF filed a *Complaint for Trademark Infringement, Injunctive Relief, Breach of Contract, Unfair Competition, Breach of the Covenant of Good Faith, Unjust Enrichment, Declaratory Judgment, and Fraud* against Defendants TFL Fishers, Rosalyn R. Harris, Thinner for Life, Inc., and Fit Chicks in the United States District Court for the District of Massachusetts.

8. On July 27, 2015, GISF filed a *Motion for Preliminary Injunction*, seeking a court order enjoining Defendants from operating a competing business and using

2

GISF's trademarks, logos, and confidential information in violation of the parties' franchise agreement. [Doc. 6.]

9. The court held an initial hearing on GISF's motion on September 21, 2015, and held a second hearing on the motion on December 15, 2015. Harris appeared telephonically at the first hearing and appeared at the second hearing via video conference.

10. On March 9, 2016, Chief Judge Patti B. Saris entered an *Order*, allowing in part GISF's motion for preliminary injunction as against Harris, and denying it with respect to Fit Chicks because the court lacked personal jurisdiction over Fit Chicks.

11. Chief Judge Saris ordered that "Defendant Ms. Harris is enjoined from volunteering for, consulting for, working at, or otherwise assisting Fit Chicks in any way until July 1, 2017." [*Order*, doc. 55 at 61.]

12. The case was then transferred to this district court, the Southern District of Indiana.

13. In its *Verified Petition*, GISF asserted that Harris has continued to operate Fit Chicks in Fishers, Indiana, in direct violation of the *March 9, 2016 Order*. GISF also asserted that Harris's actions caused it to incur attorney's fees in bringing the *Petition*, that Harris should be sanctioned for her willful violation of the *Order*, that she should be ordered to pay its attorney's fees incurred, and that the *Order* should be extended beyond the July 1, 2017 expiration date by the amount of time that her conduct has violated said *Order*. The *Verified Petition* was supported by the *Affidavit of Amy Roth*. [*See Verified Petition, Ex. A*, doc. 65-1.]

14. Amy Roth was contacted by GISF in the summer of 2016 and asked to be a secret shopper at the Fit Chicks location in Fishers, Indiana. Roth visited the Fit Chicks location at 11720 Olio Road, Fishers, on three occasions in August 2016.

15. Before her first visit, Roth emailed Fit Chicks to request a free workout; she was called back by "Roz," whom she later learned was Defendant Rosalyn Harris.

16. Roth first met with Harris at the Fit Chicks location on August 5, at which time Roth provided information and completed a workout.

17. Roth visited Fit Chicks studio again on August 18 and worked out. At the end of her workout, Harris asked Roth if she wanted to come back to the studio. Harris was in an office at the time.

18. Roth returned a third time to Fit Chicks studio on August 23, at which time Harris discussed with her picking a program with Fit Chicks and attempted to persuade Roth to sign up with Fit Chicks.

19. During her testimony, Roth identified Defendant Harris as the "Roz" with whom she spoke on August 5, 18, and 23.

20. Defendant Harris was aware of Chief Judge Saris's *Order* and she stated that she did not take violating that *Order* lightly.

21. Harris offered that she needed time to transition the studio to the new ownership.

22. Harris stated that she was not working in the Fit Chicks business at this time.

23. Jeffrey O. Meunier, submitted an *Affidavit of Attorneys' Fees* in support of Plaintiff's request for an award of attorney fees and litigation expenses incurred in this action. In it, he states that his hourly rate for matters of this nature is $300, but he is handling this case at a flat fee basis of $2,000 for preparing and filing the Petition, and for preparing for and attending the hearing. [Affidavit of Attorneys' Fees ¶¶ 2-4.]

24. Plaintiff's counsel spent approximately 6 hours prior to the hearing, including in reviewing the district court order, discussing the facts and law with his client, preparing the Petition, and preparing for the hearing. He anticipated using approximately 2.5 hours of travel to and from court and of time at the hearing. [*Id.* ¶¶ 5-6.] The actual hearing took 22 minutes of court time.

*Conclusions of Law*

1. The district court has discretion to enter a finding of civil contempt. *Bailey v. Roob*, 567 F.3d 930, 933 (7th Cir. 2009).

2. In order to show contempt, a movant must "establish by clear and convincing evidence that (a) the district court's order set forth an unambiguous command; (b) [the alleged contemnor] violated that command; (c) the violation was significant, meaning that [the alleged contemnor] did not substantially comply with the court order; and (d) [the alleged contemnor] failed to make reasonable and diligent effort to comply." *Ohr ex rel. NLRB v. Latino Exp., Inc.*, 776 F.3d 469, 474 (7th Cir. 2015).

3. "The district court does not … ordinarily have to find that the violation was 'willful.'" *FTC v. Trudeau*, 579 F.3d 754, 763 (7th Cir. 2009) (quoting *Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008)).

4. Given the above findings of fact, GSIF has established by clear and convincing evidence that (a) the *Order* set forth an unambiguous command, namely that Harris is enjoined from volunteering for, consulting for, working at, or otherwise assisting Fit Chicks in any way until July 1, 2017; (b) Harris violated that command by volunteering for, consulting for, working at, or otherwise assisting Fit Chicks several months after entry of the *Order*; (c) Harris's violation was significant as it did not substantially comply with the *Order*; and (d) Harris did not make a reasonable and diligent effort to comply.

5. Harris attempted to explain her violation of the *Order* by saying that she needed time to transition the studio to the new ownership, but the fact that she was still violating the *Order* in late August 2016, five and a half months after the *Order* was issued is inconsistent with a reasonable and diligent effort to comply.

6. Civil contempt includes both coercive and remedial sanctions. *Bailey*, 567 F.3d at 933. "Coercive sanctions induce a party's compliance with a court order in the future, while remedial sanctions compensate an injured party for an opponent's past non-compliance." *Id.*

7. Attorney's fees "may be awarded in contempt proceedings at the court's discretion." *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005).

8. An attorney's fee award of $1,000 to GSIF is reasonable and appropriate under the circumstances presented.

*Recommendation*

For the foregoing reasons, the undersigned recommends that Plaintiff's *Verified Petition to Show Cause Why Defendant Rosalyn R. Harris Should Not Be Held in Contempt and for Sanctions* [doc. 65] be granted and Rosalyn R. Harris be found in civil contempt. The undersigned recommends that the duration of the *Order* be extended by the amount of time that Harris's conduct violated the *Order*, which was approximately six months, to January 1, 2018.

The undersigned further recommends that GISF be awarded attorney's fees in the amount of $1,000.

**SO RECOMMENDED**: 11/16/2016

*[signature]* Denise K. LaRue
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

**Notice Regarding Objections**

Within fourteen days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). The district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). Failure to file an objection may result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**The parties should not expect extensions of time to file either objections or responses. No replies will be permitted.**

Electronic Distribution to Counsel of Record

Copy mailed to:

Rosalyn R. Harris, 9726 Ambleside Dr., Apt. 302, Fishers, IN 46038