UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GET IN SHAPE FRANCHISE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:16-cv-01374-RLY-DKL |
| | ) | |
| TFL FISHERS, LLC, ROSALYN R. HARRIS, THINNER FOR LIFE, INC., and FIT CHICKS, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| ROSALYN R. HARRIS and TFL FISHERS, LLC, | ) ) | |
| | ) | |
| Counter Claimants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BRIAN COOK and GET IN SHAPE FRANCHISE, INC., | ) ) | |
| | ) | |
| Counter Defendants. | ) | |

**ORDER ON THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION and HARRIS'
MOTION TO VACATE PRELIMINARY INJUNCTION**

Get in Shape Franchise, Inc. ("GISF") filed this action against its former

franchisee, Rosalyn R. Harris, to remedy a breach of contract. Harris owned and

operated a GISF studio in Fishers, Indiana for approximately two years before ultimately

terminating the franchise agreement in June 2015. GISF alleges that after Harris

terminated the agreement, she began operating a competing business–Fit Chicks–in the

1

same space using GISF's trademarks, logos, and confidential information.  On March 9, 2016, Chief Judge Patti B. Saris of the U.S. District Court for the District of Massachusetts granted GISF's motion for preliminary injunction as to Harris, specifically ordering that Harris was "enjoined from volunteering for, consulting for, working at, or otherwise assisting Fit Chicks in any way until July 1, 2017."  Chief Judge Saris subsequently transferred the case to this court.

On September 15, 2016, GISF filed its Verified Petition to Show Cause Why Defendant Rosalyn R. Harris Should Not Be Held in Contempt and For Sanctions.  It claims that Harris continues to operate Fit Chicks in direct violation of the preliminary injunction.  In support, GISF offers the affidavit of a "secret shopper" who was assisted by Harris on three different occasions in the Fit Chicks facility in August 2016.  GISF seeks a contempt finding, sanctions, attorney's fees, and an extension of the duration of the preliminary injunction.

The court referred the matter to the Magistrate Judge, who issued her Report and Recommendation after first holding a hearing.  The Magistrate Judge recommends that this court grant GISF's motion, find Harris in civil contempt, extend the duration of the injunction by six months, and award GISF $1,000.00 in attorney's fees.  No party objected.

But before deciding whether to adopt or reject the Report and Recommendation, the court must first address a subsequent motion filed by Harris.  After the deadline to object passed, Harris filed a motion to vacate the preliminary injunction *in toto*.  She advances three arguments: (1) GISF no longer has a protectable interest in Indiana

2

because it has no franchisees in the state, (2) GISF has negative goodwill, and (3) GISF does not have confidential or proprietary information that it needs to protect. The court summarily rejects all three arguments.

Harris is essentially attempting to re-litigate GISF's motion for preliminary injunction, but she already had an opportunity to be heard on the merits of that motion. If she was dissatisfied with Chief Judge Saris' ruling, she could have filed an appeal as of right. For whatever reason, she elected not to do that. This court would only be inclined to vacate the injunction order if Harris could show that (a) the order is clearly erroneous, or (b) there are new, material facts that bear on the motion. She fails to satisfy either standard here. Accordingly, her motion must be denied.

With Harris' motion resolved, the court now turns to the Report and Recommendation. Whereas no party lodged an objection, the court reviews it for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). After considering the record and the relevant case law, this court is satisfied that the Magistrate Judge did not commit clear error.

Therefore, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 70). GISF's Verified Petition to Show Cause Why Defendant Rosalyn R. Harris Should Not Be Held in Contempt and For Sanctions (Filing No. 65) is **GRANTED**. The court hereby finds Harris in **CONTEMPT** and, pursuant to that finding, **ORDERS** her to remit $1,000.00 in attorney's fees to GISF within thirty days of the date of this Order. The duration of the preliminary injunction in this matter is

3

extended to January 1, 2018.  Harris' Motion to Vacate Preliminary Injunction (Filing No. 72) is **DENIED**.

**SO ORDERED** this 5th day of April 2017.

                                              RICHARD L. YOUNG, JUDGE
                                              United States District Court
                                              Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Distributed via U.S. Mail:

Rosalyn R. Harris
9726 Ambleside Drive, Apt. 302
Fishers, IN 46038